**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>**IMPRESA HOLDINGS ACQUISITION CORPORATION**,<br><br>Debtor.<br><br>Federal EIN: 47-2015982 | Chapter 11<br><br>Case No. 20-12399 (___) |
| In re<br><br>**IMPRESA ACQUISITION CORPORATION**,<br><br>Debtor.<br><br>Federal EIN: 47-2016088 | Chapter 11<br><br>Case No. 20-12400 (___) |
| In re<br><br>**IMPRESA AEROSPACE, LLC**,<br><br>Debtor.<br><br>Federal EIN: 95-4791706 | Chapter 11<br><br>Case No. 20-12401 (___) |
| In re<br><br>**GOOSE CREEK, LLC**,<br><br>Debtor.<br><br>Federal EIN: 61-1765777 | Chapter 11<br><br>Case No. 20-12402 (___) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully move (the "Motion") as follows:

## RELIEF REQUESTED

1. The Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, directing joint administration of these cases for procedural purposes only.

2. The Debtors also request that (a) the Court maintain one file and one docket for the jointly-administered chapter 11 cases under the case number assigned to Impresa Holdings Acquisition Corporation, and (b) these chapter 11 cases be administered under a consolidated caption, substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **IMPRESA HOLDINGS ACQUISITION CORPORATION**, *et al.*, | Case No. 20-12399 (___) |
| Debtors.[1] | Jointly Administered |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Impresa Holdings Acquisition Corporation (5982); Impresa Acquisition Corporation (6088); Impresa Aerospace, LLC (1706); and Goose Creek, LLC (5777). The Debtors' mailing address is 344 W 157th St, Gardena, CA 90248.

3. The Debtors request that the Court find that the proposed caption satisfies the requirements of section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code").

4. The Debtors also request that an entry be made on the docket of each of the Debtors' cases, other than the case of Impresa Holdings Acquisition Corporation, to reflect the joint administration of these cases, substantially similar to the following:

> An Order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of the following entities: Impresa Holdings Acquisition Corporation; Impresa Acquisition Corporation; Impresa Aerospace, LLC; and Goose Creek, LLC. The Debtors' mailing address is 344 W 157th St, Gardena, CA 90248. The docket in the chapter 11 case of Impresa Holdings Acquisition Corporation, Case No. 20-12399 (___), should be consulted for all matters affecting the chapter 11 cases of any of the foregoing entities.

5. Further, the Debtors request that the Court authorize them to utilize a combined service list for the jointly-administered chapter 11 cases and that combined notices may be sent to the Debtors' creditors where appropriate.

**JURISDICTION**

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8. The statutory predicate for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, as supplemented by rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

## BACKGROUND

9. On September 24, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in these cases.

10. The Debtors are a premier supplier in the aerospace industry that offer a diverse range of manufacturing services from sheet metal fabrication, precision machining, and aluminum extrusion to more-advanced services, such as hydroforming and titanium hot brake forming, to produce parts and equipment for nearly every aerospace platform, including commercial jets, regional and business aircraft, military aircraft, and civilian and military helicopters.

11. Additional detail regarding the Debtors, their business, the events leading to commencement of these cases, and the facts and circumstances supporting the relief requested herein is set forth in the *Declaration of Steven F. Loye in Support of First Day Relief* (the "Loye Declaration"), filed concurrently herewith and incorporated herein by reference.

## BASIS FOR RELIEF

12. Under Bankruptcy Rule 1015(b), if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code, as each Debtor is a wholly owned

direct or indirect subsidiary of Impresa Holdings Acquisition Corporation. Accordingly, this Court is authorized to grant the relief requested herein.

13. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties.

14. As set forth in the Loye Declaration, entry of an order directing joint administration of the Debtors' chapter 11 cases will avoid duplicative notices, applications and orders, thereby saving the Debtors and parties in interest considerable time and expense, as well as ease the administrative burden on the Court and the parties. The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the chapter 11 cases. By aggregating all papers related to the Debtors under the same case caption and docket, creditors and parties in interest will be able to access and review relevant information concerning the Debtors in one place, and will thereby be better able to keep apprised of the matters before this Court.

15. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate and in the best interests of their estates and creditors, and should be granted.

**NOTICE**

16. Notice of this Motion is not required pursuant to Local Rule 1015-1.

[*Remainder of Page Left Intentionally Blank*]

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: September 24, 2020
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paige N. Topper*

Robert J. Dehney (No. 3578)
Matthew B. Harvey (No. 5186)
Paige N. Topper (No. 6470)
Taylor M. Haga (No. 6549)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com
mharvey@mnat.com
ptopper@mnat.com
thaga@mnat.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# **Exhibit A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>**IMPRESA HOLDINGS ACQUISITION CORPORATION**,<br><br>Debtor.<br><br>Federal EIN: 47-2015982 | Chapter 11<br><br>Case No. 20-12399 (___) |
| In re<br><br>**IMPRESA ACQUISITION CORPORATION**,<br><br>Debtor.<br><br>Federal EIN: 47-2016088 | Chapter 11<br><br>Case No. 20-12400 (___) |
| In re<br><br>**IMPRESA AEROSPACE, LLC**,<br><br>Debtor.<br><br>Federal EIN: 95-4791706 | Chapter 11<br><br>Case No. 20-12401 (___) |
| In re<br><br>**GOOSE CREEK, LLC**,<br><br>Debtor.<br><br>Federal EIN: 61-1765777 | Chapter 11<br><br>Case No. 20-12402 (___) |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order (this "Order") pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local

1 Capitalized terms not defined herein are defined in the Motion.

Rule 1015-1, directing joint administration of the Debtors' related chapter 11 cases, all as more fully described in the Motion; and upon consideration of the Loye Declaration; and notice of the Motion not having been required pursuant to Local Rule 1015-1; and it appearing that the relief requested by this Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be jointly administered under Case No. 20-12399 (___).

3. The Clerk of Court shall maintain one file and one docket for these jointly administered cases, which file and docket shall be the file and docket for Impresa Holdings Acquisition Corporation, Case No. 20-12399 (___).

4. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>**IMPRESA HOLDINGS ACQUISITION CORPORATION**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12399 (___)<br><br>Jointly Administered |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Impresa Holdings Acquisition Corporation (5982); Impresa Acquisition Corporation (6088); Impresa Aerospace, LLC (1706); and Goose Creek, LLC (5777). The Debtors' mailing address is 344 W 157th St, Gardena, CA 90248.

5. All pleadings and other papers filed in these chapter 11 cases shall bear the foregoing consolidated caption.

6. The foregoing consolidated caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

7. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An Order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of the following entities: Impresa Holdings Acquisition Corporation; Impresa Acquisition Corporation; Impresa Aerospace, LLC; and Goose Creek, LLC. The Debtors' mailing address is 344 W 157th St, Gardena, CA 90248. The docket in the chapter 11 case of Impresa Holdings Acquisition Corporation, Case No. 20-12399 (___), should be consulted for all matters affecting the chapter 11 cases of any of the foregoing entities.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors or the Debtors' estates.

9. The Debtors are authorized to utilize a combined service list for the Debtors' jointly-administered cases and may send combined notices to creditors of the Debtors and other parties in interest where appropriate.

10. The Debtors and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: ________________, 2020
Wilmington, Delaware

________________________________
THE HONORABLE [●]
UNITED STATES BANKRUPTCY JUDGE